## GREENWAY *against* DARE.

A *scire facias* is a new and independent action, and a writ of error removing the record in the original action, will not remove the proceedings upon the *scire facias*.

Greenway brought an action of debt against Dare, in the Inferior Court of Common Pleas, for Cape May county. The defendant pleaded payment, and under the act of assembly, authorizing offsets, (*Allison*, 66,) had brought forward his account against the plaintiff, and a balance appearing in his favor, a verdict was found for him, and the jury certified the amount as due him. Under the act of assembly a *scire facias* was brought in the same court for the recovery of this sum, and upon two *nihils* being returned, judgment was entered by default.

A writ of error was sued out by Greenway, to remove the plaint and proceedings in the suit "wherein Greenway was plaintiff, and Dare defendant." On the return to this writ, the record in both cases was certified, as well the proceedings in the first action as on Dare's *scire facias*. Errors had been assigned on both judgments, and *in nullo est erratum* was pleaded.

*R. Stockton,* for Dare, objected to the examination of the errors assigned on the proceedings on the *scire facias*, insisting that by this writ of error, the only record which could be brought before the court, was that in the case between Greenway, plaintiff, and Dare, defendant; and that upon the *scire facias* the situation of the parties was reversed.

*Leake,* contra, contended that the description of the plaintiff and defendant, attached to the names of the parties in the writ of error, would not confine it to the proceedings; that the parties on the *scire facias* were the same, and the

Greenway *v.* Dare.

proceedings upon it were a part and continuation of the first suit, and withim the terms as well as spirit of the direction of the writ of error, which called for not only what might strictly be called the record in the suit referred to, but " all things touching and concerning the same."

He contended further, that the objection could not be taken at this stage of the proceedings. The defendant, in error, by pleading *in nullo est erratum,* replies generally to the assignment, and waives any exceptions to the propriety of the return, but admits his liability to answer. 2 *Bac. Abr.* 471, 472.

The *scire facias* authorized by the act of assembly, (*Allinson* 66-7,) is clearly a continuance of the first action and not a new proceeding. This is evident from the language of the law : it is a carrying on of the same suit, and there is but one judgment.

*Per Curiam.* Every *scire facias* is a new and independent action, referring to the former proceedings, but wholly distinct from them.* This writ of error can legally remove nothing but the record in the original suit ; everything else, from the issuing of the *scire facias* to the judgment upon it, comes before us in a manner which excludes it from our consideration ; it is *coram non judice.* We think that we have no jurisdiction over the record and proceedings in this second suit, and if so, no consent or admission will confer jurisdiction. You must confine yourself to the errors, if any in the first suit.

Judgment was affirmed.

---

* See 2 *Swift's System,* 172. 1 *Term Rep.* 268. 2 *Ib.* 46. 6 *John. Rep.* 106, and *Bingh. on Judgments and Executions* 123, for the nature of this writ.